UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ALI ISONG,

                       Plaintiff,

- against -

THE CITY OF NEW YORK; P.O. CHARLENE
VAZQUEZ, Shield # 20504; SGT. HENG
PEOU, Sheild # 05199; SUPERVISING
OFFICER(S) 79th PRECINCT; and
DEPARTMENTAL SUPERVISING
OFFICER(S),

                       Defendants.

**REPORT AND RECOMMENDATION**
08-CV-4011 (NGG)(LB)

----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

The instant action was referred to me for all pretrial purposes. Plaintiff failed to appear at two Fed. R. Civ. P. 16 conferences and has failed to contact the Court or defendants' counsel. The Court's June 19, 2009 Order explicitly warned plaintiff that I would recommend that his case should be dismissed if he failed to appear at the July 13, 2009 conference. Document 32. Plaintiff did not appear. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed.

## BACKGROUND

Plaintiff commenced this *pro se* action pursuant to 42 U.S.C. § 1983 on September 26, 2009. Plaintiff alleges, *inter alia*, that defendants violated

> his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution; Article 1, §§ 6, 11 and 12 of the New York Constitution; as well as rights to be free from false arrest, illegal imprisonment, racial discrimination, and deprived of constitutional rights to be secure in his person and free from the use of unreasonable force by one acting under color of law under the laws of the United States and the State of New York.

Complaint at 1. Defendants answered the complaint on February 24, 2009. Document 10.

The Court held an initial pretrial conference on April 1, 2009, and stayed discovery to allow the parties to discuss settlement. The Court scheduled a status conference on June 17, 2009. Plaintiff failed to appear at the June 17, 2009 status conference and did not contact the Court or defendants' counsel to request an adjournment prior to the scheduled conference. The Court ordered the plaintiff to appear for a conference on July 13, 2009, and warned him that if he failed to appear, the Court would recommend that his case should be dismissed. On July 13, 2009, plaintiff again failed to appear for the conference and has not contacted defendants' counsel or the Court.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling or other pretrial order . . . ." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Federal Rule of Civil Procedure 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

The Court warned plaintiff that his action would be dismissed if he failed to appear for the conference. Plaintiff should not be afforded unlimited chances to obey the Court's Orders. Plaintiff has twice failed to attend Court conferences despite the Court's explicit warning that his case would be dismissed if he failed to appear.

2

## CONCLUSION

Accordingly, it is recommended that plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: July 16, 2009
      Brooklyn, New York